REQUESTED BY: Senator Don Wesely Nebraska State Legislature State Capitol, Room 1402 Lincoln, Nebraska 68509
Dear Senator Wesely:
You have requested our opinion as to the constitutionality of a proposed amendment to LB 325. Generally, the amendment would allow an employee who terminates from state employment, then later returns to state employment within five years of the termination, to count the previous years of employment for vesting purposes of employer retirement contributions.
Presently, under Neb.Rev.Stat. § 84-1322 (Reissue 1981), a member of the State Employees Retirement System who terminates employment is considered a new employee upon their return to state employment. Pursuant to Neb.Rev.Stat. § 84-1321 (Supp. 1984), an employee who terminates employment, who has not been a member of the system for five years, forfeits his or her rights to receive any state retirement contributions to the system.
Under the proposed amendment to LB 325, an employee returning to work, who was not a member of the system for five years prior to terminating their original employment, would have no claim to state contributions made during the first period of employment. The amendment would, however, allow the returning employee to count the previous period of service to determine when the employee would become vested in the new state contributions.
The only potential constitutional issue we foresee is whether the proposed amendment to LB 325 would violate the provisions of Article III, Section 19, of the Nebraska Constitution. Article III, Section 19, provides, in part:
 The Legislature shall never grant any extra compensation to any public officer, agent, or servant after the services have been rendered nor to any contractor after the contract has been entered into, except that retirement benefits of retired public officers and employees may be adjusted to reflect changes in the cost of living and wage levels that have occurred subsequent to the date of retirement, . . .
As was noted, an employee returning to state employment would not be granted any entitlement to state retirement contributions previously forfeited upon leaving their original employment. The amendment would simply grant employees returning to state employment credit for their prior years of service for purposes of determining when they become vested in their new employer contributions. Under these circumstances, we do not believe the proposed amendment to LB 325 would provide a grant of "extra compensation" within the meaning of the prohibition contained in Article III, Section 19.
Based on the foregoing, it is our opinion that the proposed amendment to LB 325 does not violate the provisions of Article III, Section 19, of the Nebraska Constitution.
Very truly yours,
ROBERT M. SPIRE Attorney General
L. Jay Bartel Assistant Attorney General